UNITED STATES of America,
Appellee,

v.

Charles WILLIAMS, Appellant.

No. 741, Docket 35582.

United States Court of Appeals,
Second Circuit.

Argued April 29, 1971.

Decided April 30, 1971.

Sidney G. Sparrow, Kew Gardens, N. Y. (Sparrow & Sparrow, Kew Gardens, N. Y., Gretchen White Oberman, New York City, on the brief), for appellant.

Robert D. MacLachlan, Jr., Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., for the Eastern District of New York, David G. Trager, Asst. U. S. Atty., on the brief), for appellee.

Before HAYS and FEINBERG, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM:

Charles Williams appeals from a judgment of conviction for larceny from a federally insured bank, 18 U.S.C. § 2113(b), entered in the United States District Court for the Eastern District of New York, after a trial before a jury and Chief Judge Jacob Mishler. Williams argues on appeal that (1) the district court erred in refusing to suppress his oral statement to an FBI agent; and (2) under 18 U.S.C. § 5032, the district court had no jurisdiction to try him as an adult. As to (1), Judge Dooling held a pre-trial hearing at which three witnesses, including defendant, testified. The judge concluded in substance that the statement was not coerced and that defendant had received *Miranda* warnings. We agree with the findings of the trial court in this respect and hold that no error was committed by allowing the statement in evidence.

The second claim is raised for the first time on appeal, and the record before us is concededly incomplete as to whether appellant refused to consent to juvenile procedure or whether the Attorney General directed criminal prosecution. Under these circumstances, we remand this case to the district court to

* Of the District of Connecticut, sitting by designation.

make findings, and receive further evidence, if necessary, on the issues raised by this argument, as to which we express no view on the merits. If, as the Government claims, appellant was properly proceeded against in a criminal prosecution, the judgment of conviction should not be disturbed, and appellant will have the right to appeal again on issue (2) above, if he so desires. If the prosecution was not properly instituted, the district court shall take whatever corrective steps it regards as appropriate.

Affirmed in part; remanded in part in accordance with the above.